IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FAITH SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-197-B-BN |
| | § | |
| RESURGENT CAPITAL SERVICES | § | |
| LP, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Faith Smith filed a *pro se* lawsuit alleging violations of the Fair Debt Collection Practices Act against three defendants. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred Smith's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 15.

On March 5, 2024, the Court ordered the parties to meet and confer (by March 19), prepare, and file (by March 26) a joint report under Federal Rule of Civil Procedure 26(f). *See* Dkt. No. 16.

On March 26, Defendants Credit Control Corporation and I.Q. Data International, Inc. moved to extend the deadline to submit the Rule 26(f) report to April 9, 2024, explaining that "Counsel for IQ Data has made reasonable efforts to contact Plaintiff in this case, but Plaintiff has recently become unresponsive to IQ Data's emails." Dkt. No. 27.

In the March 27, 2024 order granting Defendants' motion, the Court warned Smith "that failing to comply with the requirements of the March 5 order in a manner that allows the Rule 26(f) report to be jointly filed by April 9 amounts to failure to comply with orders of the Court and failure to prosecute and could therefore result in the dismissal of this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b)." Dkt. No. 28.

On April 9, unable to obtain Smith's cooperation to file a joint report as required by court order, IQ Data moved to dismiss this lawsuit under Rule 41(b) [Dkt. Nos. 29 & 30], setting out its counsel's attempts to get Smith to follow the Court's orders. *See* Dkt. No. 29 at 2-3; Dkt. No. 30-1.

Although Smith responded to counsel's April 2, 2024 email that day, stating "I will have to see my openings in my schedule and get back with you," she never did and then failed to respond to counsel's subsequent April 2 email and a separate email sent on April 5, 2024 ("Following up on my email [above] as the April 9, 2024 deadline to submit a Rule 26(f) report is approaching. This is also a deadline that the court already extended."). Dkt. No. 30 at 3.

Considering this record, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Discussion

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court

order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance

with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he

district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's orders, as set out above, Smith – in addition to leaving the impression that she no longer wishes to pursue the claims in this lawsuit – has prevented this action from proceeding and has thus failed to prosecute.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances and to the extent provided below.

Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until Smith can find "openings in [her] schedule" to prosecute it and follow the Court's orders, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice under Rule 41(b).

That said, these findings, conclusions, and recommendation provide notice that the Court intends to follow through with its warning and dismiss Smith's lawsuit without prejudice under Rule 41(b). And the time within which to file objections to this recommendation (as further explained below) allows Smith an opportunity to demonstrate that she will follow the Court's orders going forward by (1) responding to IQ Data's counsel and (2) meeting and conferring with Defendants' counsel to provide her input so that the parties can file a joint report under Rule 26(f) as the Court has ordered.

If a joint report is filed before the deadline to file objections to these findings, conclusions, and recommendation, the undersigned will withdraw them and allow

this case to move forward.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 1, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE